IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANNE GEORGE,

       Plaintiff,

v.                                                 Civ. No. 09-851 LFG/RHS

UNITED STATES OF AMERICA, et al.,

       Defendants.

## UNITED STATES' ANSWER AND COUNTERCLAIM

Defendant United States of America, by its undersigned counsel, respectfully answers each and every paragraph of Plaintiff's Complaint as follows:

1. Defendant denies the averment contained in Paragraph 1.

2. The United States denies there is jurisdiction for this cause of action under the Quiet Title Act.

3. No response required. However, the United States denies there is jurisdiction for this cause of action under the Quiet Title Act.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments contained in Paragraph 4 of the Complaint and therefore denies the averments.

5. Defendant admits the averments contained in Paragraph 5 of the Complaint.

6. Defendant admits the averments contained in Paragraph 6 of the Complaint.

7. Defendant admits the averments contained in Paragraph 7 of the Complaint.

8. Defendant denies the averments contained in Paragraph 8 of the Complaint. Harv Forsgren is no longer responsible for management of the Gila National Forest.

        Corbin Newman is the new Regional Forester for the Southwestern Region, which includes the Gila National Forest.

9. Defendant admits the averments contained in Paragraph 9 of the Complaint, except to state that Richard Markley is subject to the supervision of Defendants Vilsack, Tidwell, and Newman.

10. Defendant admits the averments contained in Paragraph 10 of the Complaint.

11. Defendant admits the averments contained in Paragraph 11 of the Complaint.

12. Defendant admits the averments contained in Paragraph 12 of the Complaint.

13. Defendant denies that the United States "attempted" to reserve two easements; the Forest Service did reserve two easements.

14. Defendant admits the averments in Paragraph 14 of the Complaint.

15. Defendant denies the averments in Paragraph 15 of the Complaint.

16. Defendant denies the averments contained in Paragraph 16 of the Complaint.

17. Defendant denies the averments contained in Paragraph 17 of the Complaint.

18. Defendant denies the averment contained in Paragraph 18 of the Complaint.

19. Defendant denies the averment contained in Paragraph 19 of the Complaint.

20. Defendant admits the averment contained in Paragraph 20 of the Complaint.

21. Defendant denies the averments contained in Paragraph 21 of the Complaint.

22. Defendant denies the averment contained in Paragraph 22 of the Complaint.

23. Defendant admits the averments contained in Paragraph 23 of the Complaint, including that the plaintiff alleged "mismanagement."

24. Defendant admits the averments contained in Paragraph 24 of the Complaint.

25. Defendant denies the averments contained in Paragraph 25 of the Complaint.

26. Defendant admits the averments contained in Paragraph 26 of the Complaint.

27. Defendant admits the averments contained in Paragraph 27 of the Complaint.

28. Defendant denies the averment contained in Paragraph 28 of the Complaint.

29. Defendant denies the averment contained in Paragraph 29 of the Complaint.

30. Defendant admits the averments contained in Paragraph 30 of the Complaint.

31. Defendant denies the averment contained in Paragraph 31 of the Complaint.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments contained in Paragraph 32 of the Complaint and therefore denies the averments.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments contained in Paragraph 33 of the Complaint.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments contained in Paragraph 34 of the Complaint, except to state that a citation was issued to Ms. George on or about December 19, 2008.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments contained in Paragraph 35 of the Complaint.

36. Defendant denies the averments contained in Paragraph 36 of the Complaint.

37. Defendant denies the averments contained in Paragraph 37 of the Complaint.

38. No response required.

39. No response required to conclusions of law.

40. No response required to conclusions of law.

41. No response required to conclusions of law.

42. No response required to conclusions of law.

43. Defendant denies the averments contained in Paragraph 43 of the Complaint.

44. Defendant denies the averments contained in Paragraph 44 of the Complaint.

45. Defendant denies the averments contained in Paragraph 45 of the Complaint.

46. Defendant denies the averments contained in Paragraph 46 of the Complaint.

47. Defendant denies the averments contained in Paragraph 47 of the Complaint.

48. No response required to conclusions of law.

49. No response required.

50. No response required to conclusions of law.

51. No response required to conclusions of law.

52. No response required to conclusions of law.

53. Defendant admits the averments contained in Paragraph 53 of the Complaint, however, Defendant denies causing or exacerbating destructive erosion on servient estate.

54. Defendant denies the averments contained in Paragraph 54 of the Complaint.

55. Defendant denies the averments contained in Paragraph 55 of the Complaint.

56. No response required.

57. No response required to conclusions of law.

58. No response required to conclusions of law.

59. Defendant denies the averments contained in Paragraph 59 of the Complaint.

60. Defendant denies the averments contained in Paragraph 60 of the Complaint.

**DEFENDANT'S AFFIRMATIVE DEFENSE**

Plaintiff's claims are time-barred due to lack of jurisdiction under the Quiet Title Act. Defendant United States shall file a motion to dismiss due to lack of jurisdiction with

supporting memorandum of law.

## REQUEST FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant United States of America respectfully requests that Plaintiff's Complaint be dismissed and judgment entered in favor of Defendant, and that Defendant be granted its costs of defense, including attorneys' fees, as well as such other relief to which it might be justly entitled.

## DEFENDANT'S COUNTERCLAIMS

## VIOLATION OF 36 C.F.R. 261.12 and 36 C.F.R. 261.10

1.  Congress has entrusted the Secretary of Agriculture with authority to promulgate rules and regulations applicable to use and protection of the National Forest Reserves. Specifically, 16. U.S.C. 551 allows the Secretary to "make such rules and regulations and establish such service as will insure the objects of such reservations, namely, to regulate their occupancy and use and to preserve the forests thereon from destruction.".

2.  Forest Service regulation at 36 C.F.R. 261.12 "National Forest System roads and trails" provides:

    > The following are prohibited: . . . . (d) Blocking, restricting or otherwise interfering with the use of a road, trail, or gate.

3.  Forest Service regulation at 36 C.F.R. 261.10 "Occupancy and use" provides:

    > The following are prohibited: (a) constructing, placing, or maintaining any kind of road, trail, structure, fence, enclosure . . . or other improvement on National Forest System lands or facilities without a special use authorization."

4.  FDR 6819, including the right of way that crosses Plaintiff's private property, is a part of the Gila National Forest and this Federal property is included with the Secretary's

authority to regulate use and occupancy of the National Forest Reservations.

5.  By maintaining closed gates over FDR 6819 Ms. George has arguably blocked, restricted and otherwise interfered with the use of the road in violation of 36 C.F.R. 261.12

6.  By allowing her horse to roam freely over FDR 6819 and by confronting potential travelers of FDR 6819, Ms. George has arguably blocked, restricted and otherwise interfered with the use of the road in violation of 36 C.F.R. 261.12.

7.  By maintaining two gates within the United States' 66 foot wide easement without authorization, Ms. George has constructed, placed, and maintained a fence or other improvement on National Forest System lands or facilities without a special use authorization.

8.  The Plaintiff has arguably blocked, restricted and otherwise interfered with the use of Forest Development Road 6819 in violation of 36 C.F.R. 261.12.

9.  The Plaintiff has constructed, placed, or maintained any kind of road, trail, structure, fence, enclosure . . . or other improvement on National Forest System lands or facilities without a special use authorization in violation of 36 C.F.R. 261.10.

10. The Court has equitable authority to order injunctive relief to abate this continuing violation of Federal law and ensure future compliance.

**UNREASONABLE INTERFERENCE WITH FOREST SERVICE MANAGEMENT RESPONSIBILITY AND AUTHORITY OVER FDR 6819**

1.  The Forest Service has a duty and authority under federal law to provide for access to the National Forests for multiple use. For example, 16 U.S.C. 532 states as follows:

> The Congress hereby finds and declares that the construction and maintenance of an adequate system of roads and trails within and near the national forests and other lands administered by the Forest Service is essential if increasing demands for timber, recreation, and other uses

>of such lands are to be met; that the existence of such a system would have the effect, among other things, of increasing the value of timber and other resources tributary to such roads; and that such a system is essential to enable the Secretary of Agriculture (hereinafter called the Secretary) to provide for intensive use, protection, development, and management of these lands under principles of multiple use and sustained yield of products and services.

2.  The Forest Service manages forest system roads under statutory and regulatory authority including 16 U.S. C. 551, 36 C.F.R. 261.12 and 36 C.F.R. 261.10.

3.  In the 1979 patent deed, the parties defined the nature and scope of the easement for FDR 6819 by "reserving a right of way for existing FDR 6819."

4.  At that time, the road already existed, was a public Forest Development Road, and was not obstructed by gates.

5.  In May of 1997, the District Ranger of the Silver City Ranger District, Gila National Forest, reviewed and denied a request by the landowners over which FDR 6819 traverses to maintain closed gates over FDR 6819. The management decision was made at that time not to allow gates to be maintained over FDR 6819 because gates would present an unreasonable interference with the right of passage over the road; FDR 6819 traverses eight lots, including Ms. George's, and allowing landowners to maintain gates over the road could have resulted in the installation of 9 or more gates over FDR 6819.

6.  The decision not to allow gates to be maintained over FDR 6819 has been consistently relayed to the owners of land over which FDR 6819 traverses since May 1997; rather, landowners are instructed to maintain cattle-guards over the road or to fence along the right of way, which many have done.

7. Ms. George was informed of this management decision when she first inquired about installing gates over FDR 6819.

8. Ms. George installed and maintained closed gates over FDR 6819 in violation of the USDA Forest Service's management decision and without authorization of the Forest Service.

9. In the spring of 2009, Ms. George relocated the road or caused the road to be relocated within and possibly outside the Right-of-Way. Ms. George moved a culvert that was draining the road, and thereby modified the drainage above and below the road, to the extent that surface runoff may possibly be impeded. This arguably puts the road at risk of washing out during precipitation events.

10. By placing and maintaining obstructions within the Forest Service's 66 foot wide right of way, Plaintiff has prohibited the United States from maintaining its easement, because the United States cannot get certain equipment through the gate posts.

11. Although the United States has made every attempt to maintain its easement over FDR 6819, Plaintiff has effectively prohibited it from doing so.

12. Plaintiff has continued to install and maintain a gate over FDR 6819 in defiance of Forest Service authority and management decisions over FDR 6819.

13. Plaintiff has relocated portions of FDR 6819 in defiance of Forest Service authority and management decisions over FDR 6819.

14. Plaintiff has affirmatively interfered with Forest Service maintenance activities over FDR 6819 in defiance of Forest Service authority and management decisions over FDR 6819.

15. The Court has equitable authority to order injunctive relief to abate continuing

interference with the Forest Service's management of FDR 6819 under Federal law and to ensure future compliance with Forest Service management under Federal law.

## UNREASONABLE AND UNNECESSARY INTERFERENCE WITH RIGHT OF PASSAGE

1. The owner of a servient estate may not maintain a gate across a right of way if it unreasonably interferes with the right of passage or if it is not necessary for the use of the servient estate. *See Huff v. McClannahan*, 89 N.M. 762, 764, 557 P.2d 1111, 1113 (N.M. Ct. App. 1976) (quoting 52 A.L.R. 3rd 9 (1973)).

2. The reasonableness of a restriction on an easement, such as the erection of a fence, generally is a factual issue. *U.S. v. O'Block*, 788 F.2d 1433, 1436 (10th Cir. Utah 1986).

3. The USDA Forest Service made a management decision to not allow gates to be maintained over FDR 6819 because gates would present an unreasonable interference with the use of the right of way; FDR 6819 traverses eight lots, including Ann George's.

4. Owners of the lots over which FDR 6819 traverses and the general public use FDR 6819 to access the Gila National Forest.

5. After careful consideration and weighing of interests, the Forest Service determined that cattle-guards should be employed instead of gates over FDR 6819 to avoid unreasonable interference with the right of passage.

6. Plaintiff's installation and maintenance of a gate across FDR 6819 is an unreasonable and unnecessary interference with the dominant estate of the Forest Service.

7. The Forest Service is entitled to declaratory and injunctive relief to abate the unreasonable interference.

## **REQUEST FOR RELIEF**

WHEREFORE, Defendant United States of America respectfully requests the Court enter judgment in its favor as follows:

1. That the Court find the Plaintiff's obstruction to access to the public land to be in violation of 36 C.F.R. 261.12 and 36 C.F.R. 261.10.

2. That the Court order Plaintiff to remove the obstruction and allow unfettered access for the public to enter the Public Land, further, that the Plaintiff shall remove all signs purporting to limit access to said lands.

3. For permanent injunctive relief prohibiting the Plaintiff from obstructing in any way persons from accessing FDR 6819 and prohibiting Plaintiff from preventing the United States from maintaining FDR 6819.

4. For costs and such other relief as the Court may award.

>   Respectfully submitted,
>
>   GREGORY J. FOURATT
>   United States Attorney
>
>   Electronically Filed on 11/13/09
>   */s/ Raymond Hamilton*
>   RAYMOND HAMILTON
>   Assistant United States Attorney
>   P.O. Box 607
>   Albuquerque, NM 87103
>   (505) 224-1449

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on November 13, 2009, I filed the foregoing pleading electronically through the CM/ECF system and caused counsel of record to be served electronically through the CM/ECF system.

              */s/ Raymond Hamilton*
              RAYMOND HAMILTON
              Assistant United States Attorney